5-2394                                    364 S. W. 2d 153

Opinion delivered January 28, 1963.

*John B. Driver*, for appellant.

*Opie Rogers*, for appellee.

CARLETON HARRIS, Chief Justice. Kenneth Dixon, appellee herein, instituted suit in the Chancery Court of Searcy County against appellant, Lester A. Heinen, seeking to cancel and set aside a clerk's tax deed issued to appellant on February 23, 1961. The lands had been sold on November 10, 1958, because of non-payment of taxes allegedly due for the year, 1957. At the time of the tax sale, the lands in question were listed in the name of E. R. Martin. Thereafter, appellant instituted suit in the Chancery Court seeking to quiet and confirm the title to said lands in him.[1] Notice was published for four weeks

[1] The action was instituted under provisions of Chapter 19, Ark. Stats., 1962 Replacement, entitled "Quieting Title" (Sections 34-1918 through 34-1925).

during the month of March, 1961. The complaint was supported by the affidavits of two persons (Annis M. Walsh and Gibson L. Walsh), who stated that they were residents of Searcy County, familiar with the property, and that they knew Lester A. Heinen was the owner of the lands, had been in possession for more than the last past three years, and there were no adverse occupants or claimants. No personal service was obtained upon any person, the county clerk certifying that E. R. Martin's whereabouts were unknown, and that she had been unable to apprise Martin of the pendency of the action. On May 4, 1961, the Chancery Court entered its decree quieting and confirming title to the lands in question in appellant. In October of the same year, appellee instituted the present suit, alleging that he was the owner of said lands in fee simple; that Heinen had obtained a tax deed to the lands, purporting to convey same to appellant, but that the tax deed was of no effect because the sale was void. Appellee then alleged twenty-two grounds for voiding the sale, and, in addition, asserted, ''The plaintiff delivered his list of lands on which he desired to pay tax to the collector, including the lands herein, and by oversight the collector failed to include the lands herein involved in the list and this renders the sale void.'' The prayer of the complaint was that the tax deed be cancelled and held for naught, and that appellee be permitted to redeem the property. After the filing of various pleadings and Requests for Admissions, the cause proceeded to trial, and on March 27, 1962, the court entered its decree, finding,

''The records of the Quorum Court fails to disclose that proper levy of taxes for the year 1957 were made in Searcy County; the purported sale of lands were made for amounts that involved overcharges, even if the levy of taxes had been properly made and the tax sale was not advertised as required by law.''

The court held the tax sale, and deeds executed thereunder, void, and vacated the decree of confirmation which had been entered in May. Title to the lands was quieted and confirmed in Dixon as against appellant. Appellee

tendered a sufficient amount to cover taxes and penalty, together with interest. From the decree entered, Heinen brings this appeal. For reversal, appellant asserts that the Chancellor erred in permitting evidence to be introduced as to facts and circumstances existing prior to the confirmation decree, and further, that appellee's suit was a collateral attack upon the confirmation decree, and not permissible. It is also asserted that that decree was *res judicata.*

The facts show that Martin was the owner of the land in 1957, and during said year sold the lands to W. E. DeRamus. On October 10, 1960, DeRamus and wife entered into a contract to sell the lands to Dixon for $10,500. The contract provided for a cash payment of $1,500.00, the balance to be paid at the rate of $50.00 per month, except that commencing in April, 1967, an additional sum of $160.00 would be paid every six months. An executed deed was turned over to Ray Wheeler, agent in escrow, to be delivered to Dixon when the contract had been paid out. It appears from the evidence that Wheeler had been in charge of the lands for a long number of years, having served as agent for some of the prior owners.

The confirmation decree did not have the effect of a complete and final adjudication, *i.e.,* appellant **cannot** avail himself of the plea of *res judicata,* for that decree was subject to attack. Section 34-1923, Ark. Stats., 1962 Replacement, provides that a confirmation decree "shall not be valid for any purpose as against the owner of such land, his heirs or assigns, who was, at the time of such decree rendered in actual possession of the same, unless he be made a party to such action by personal service of motion therein." As heretofore stated, Dixon had entered into a contract to purchase the lands a year before the confirmation decree was rendered, and the proof is ample that he had been in possession of said lands. According to Wheeler, Dixon pastured cattle on the land from the time that he agreed to purchase same, and the entire property was under fence. In fact, Wheeler testified that, in behalf of prior owners, he had rented the property to

4

other persons in 1957, 1958, 1959, and 1960 (until the purchase by Dixon), and that cattle were pastured on the lands in question for the greater part of the time during those years. Otis Jennings testified that he had pastured the cattle on the land until, and after, the property was sold to Dixon, and that he and appellee had erected additional fence posts as a matter of holding the cattle within the premises. As herein pointed out, though the tax records did not list Dixon as the owner of the lands, no service was obtained upon any person.

Heinen testified that he viewed the property in December of 1958 or January of 1959, and that he didn't see anyone in the house, or notice any cattle on the place. He stated that a neighbor told him that no one had lived on the property for three years, and he did not observe cattle on subsequent visits. We think, however, that the preponderance of the evidence clearly supports the chancellor's finding that Dixon was in possession of the lands, as we have defined that term. It follows that under the pertinent portions of Section 34-1923, heretofore quoted, the confirmation decree was void. A void decree is subject to collateral attack. *Lambert* v. *Reeves,* 194 Ark. 1109, 112 S.W. 2d 33, *Laflin* v. *Drake,* 218 Ark. 218, 237 S.W. 2d 32.

As a purchaser under a contract, in possession of the land, Dixon held the right to redeem, and was entitled to present any meritorious defense to the decree obtained by Heinen. *Harrison* v. *Mobley,* 211 Ark. 772, 202 S. W. 2d 756. That case also holds that the invalidity of a tax sale is a meritorious defense. The trial court found that the sale was void because no tax was levied; further, that even if a levy had been properly made, the lands were sold for an unlawful tax in that there were overcharges, and finally, that the tax sale was not advertised as required by law. There is actually no dispute that these facts are correct, and it follows that the sale was void. *Plant* v. *Johnson,* 208 Ark. 217, 185 S. W. 2d 711, *Lumsden* v. *Erstine,* 205 Ark. 1004, 172 S. W. 2d 409. See also 84-1103 Ark. Stats. 1960 Replacement.

Finding no error, the decree is affirmed.