RICHARD B. WILLIAMS *et al.*, Plaintiffs-Appellees, *v.* THE CITY OF CHICAGO *et al.*, Defendants-Appellants.

First District (5th Division) No. 61547

Opinion filed February 13, 1976.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Richard F. Friedman, Assistant Corporation Counsel, of counsel), for appellants.

Freeman, Freeman & Atkins, Ltd., of Chicago (Robert F. Coleman, Robert S. Atkins, Barry J. Freeman, and Howard L. Fink, of counsel), for appellees.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

At the request of defendants, we allowed this interlocutory appeal pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1973, ch. 110A, par. 308). At issue is the validity of a provision in chapter 200.1 of the Municipal Code of Chicago (hereafter the tax ordinance) which imposes a tax upon transactions consummated in Chicago involving the lease or rental of personal property.[1] Plaintiffs are taxpayers who, as lessees of personal property on their own behalf and allegedly as representatives of a class, sought to enjoin the collection of taxes under the tax ordinance and a judgment declaring it invalid on constitutional grounds. The trial court, in denying defendants' motion to dismiss, certified four questions for our review, and we will address them in the order necessary for the disposition of this appeal.

---

[1] The tax ordinance also imposes a tax on the transfer of real property. The validity of such tax has not been challenged on this appeal and our opinion is limited to an inquiry only of the validity of the tax on transactions involving personal property.

The first question concerns whether plaintiffs' complaint states a cause of action in equity where it alleges that a city tax is unconstitutional because of unreasonable and discriminating classifications of property and persons subject to the tax.

■■ It is the general rule that equity will not assume jurisdiction to grant relief where an adequate remedy at law exists. (*Clarendon Associates v. Korzen*, 56 Ill. 2d 101, 306 N.E.2d 299; 7 Ill. L.&Pr. *Chancery* §31 (1954).) Defendants initially contend that plaintiffs have no cause of action in equity because they have an adequate remedy at law. In any event, defendants argue, the allegations of plaintiffs' complaint do not fall within any of the exceptions to the general rule under which equity will act regardless of available legal remedies. These exceptions are set forth in *Clarendon* and allow equitable relief where the tax is either (1) unauthorized by law; or (2) levied upon property exempt from taxation.[2] Plaintiffs maintain that they have no adequate remedy at law but, assuming that there was such a remedy, that their complaint alleges many particulars in which the tax violates the State and Federal constitutions and, by reason thereof, was unauthorized by law—the first exception to the general rule.

On oral argument, defendants' counsel stated that the adequate remedy at law available to plaintiffs appears in section 200.1—8A of the tax ordinance, which provides as follows:

"Whenever it appears that an amount of tax, interest or penalty has been paid in error to the Department of Revenue by a person, association, firm, partnership, corporation, receiver, executor, conservator, trustee or other representative appointed by any court (hereinafter referred to as 'taxpayer'), who is required or authorized to collect and remit such transaction tax, whether such amount be paid through a mistake of fact or an error of law, such taxpayer may file a claim for credit with the Department of Revenue on forms provided by said Department for that purpose."

This section also requires prompt adjudication of the claim. A protest procedure is provided for those "taxpayers" dissatisfied with the Department's initial determination.

■■ We believe that a close examination of the language in section 200.1—8 indicates that the administrative procedure set forth therein is intended solely for the benefit of the lessor. The remedy outlined is only available to the "taxpayer," who is "required or authorized to *collect and*

---

[2] The court in *Clarendon* also stated at page 108: "There will be cases of fraudulently excessive assessments where the remedy at law will not be adequate and injunctive relief should then be available."

*remit* such transaction tax." (Emphasis added.) Only the lessor is required or authorized to collect and remit the tax, and we therefore interpret the procedure for credits and refunds in section 200.1—8 to be a legal remedy available only to the lessor and not to the lessee herein. (*Cf. Crane Construction Co. v. Symons Clamp & Manufacturing Co.,* 25 Ill. 2d 521, 527, 185 N.E.2d 139.) This interpretation is supported by other provisions of the tax ordinance. Section 200.1—8E provides, in the first instance, not for a repayment of the funds erroneously collected but for a letter of credit to be used to offset future collections of the tax. Such a letter would only be of value to a lessor who would be collecting and remitting future taxes. Likewise, section 200.1—9C provides that the mayor may, after a hearing, revoke all city licenses held by the tax evader as a penalty for failure to pay the tax. Such licenses are, of course, held by lessors rather than by lessees. In view thereof, we believe it is evident that the intent of the tax ordinance was to provide administrative review only for the lessor who "collects and remits" the tax, and therefore the administrative remedy is not available to lessees. Applying this reasoning to the instant case, we conclude that the remedy provided in section 200.1—8 is not available to the plaintiff-lessees here and, further, inasmuch as this is the only remedy at law suggested by defendants and because we have found none in the ordinance, we hold that plaintiffs here do not have an adequate remedy at law and that they have stated a cause of action in equity.

Having so found, it will not be necessary to determine whether the allegations of plaintiffs' complaint fall within any of the *Clarendon*[3] exceptions set forth above which assume the existence of an adequate remedy at law.

The second question certified inquires whether a lessee of personal property who pays, but not under protest, a city tax to the lessor on transactions involving the lease or rental of certain items of personal property, has standing to challenge the constitutionality of the tax ordinance which places the ultimate incidence of and liability for payment of the tax on the lessee and the duty of collecting the tax on the lessor and, where the ordinance makes no provision, for payment of the tax under protest.

---

[3] It should be noted that in *Illinois Bell Telephone Co. v. Allphin,* 60 Ill. 2d 350, 326 N.E.2d 737, it was held that the first and second *Clarendon* exceptions, originally adopted in *Owens-Illinois Glass Co. v. McKibbin,* 385 Ill. 245, 52 N.E.2d 177, are no longer applicable in those situations covered by the Administrative Review Act. However, in the more recent decision of the supreme court in *North Pier Terminal Co. v. Tully,* 62 Ill. 2d 541, 343 N.E.2d 507, an action involving the legality of real property taxes, the court treated the *Clarendon* exceptions as being still applicable.

Defendants contend that because plaintiffs did not protest the taxes, the payments were voluntary and thus they had no standing to challenge the validity of the ordinance. The case principally relied upon by defendants is *Snyderman v. Isaacs*, 31 Ill. 2d 192, 201 N.E.2d 106. However, we do not believe that case is supportive of defendants' position. *Snyderman* did not involve the question of standing to challenge the *validity* of a tax but was an attempt by a lessee of an automobile to maintain a class action on behalf of all lessors to obtain a credit for taxes paid under a statute which had been found to be invalid subsequent to the payment of the tax. There, the general rule was applied that taxes voluntarily though erroneously paid cannot be recovered. Here, plaintiffs' action does not seek a refund of taxes paid but rather sought a declaration that the tax is unconstitutional and a permanent injunction against its further collection.

We believe that *Crane Construction Co.* is controlling here. In that case, Symons, a lessor of property, was required to collect use taxes from its lessee (Crane) and to remit the Retailer's Occupation Tax to the Department of Revenue. No provision for protest by a lessee was provided in the statute. Plaintiff filed a complaint in chancery against its lessors (Symons) and joined as defendants the Director of Revenue, the State Treasurer and the Attorney General. The complaint alleged that unless equitable relief was granted to plaintiff and others similarly situated, they would be required to pay use taxes to Symons under duress and, unless restrained, they feared that the lessor would forward the taxes so received to the Department of Revenue without making such payments under protest or otherwise protecting the rights of plaintiff and other members of the class. Defendants contended that Crane had no standing to challenge the tax. The court held, however, that inasmuch as the statute provided no means of protest to lessees subject to the tax, they had standing to bring the action in their own right, stating at pages 527-28:

> "Although the retailers' occupation tax is not laid on plaintiff, the use tax is. It pays use tax, however, not directly to the State, but to its suppliers, in this case Symons Clamp & Manufacturing Company. Symons collects use tax from Crane and remits retailers' occupation tax to the Department of Revenue. Crane obviously has standing to challenge the validity and applicability of the use tax and is not compelled to rely upon its lessor, Symons, to protect its interests. To the extent to which the validity of the use tax and its application to plaintiff is dependent upon the validity of the retailers' occupation tax, it may also challenge

that tax. In this case, plaintiff has followed an appropriate method for litigating questions which it has a right to have determined."

Here, also, in the absence of any means of administrative review, reason dictates that the lessees who bear the burden of the tax have standing to challenge its validity.

In the third question certified, we are asked to determine whether the tax ordinance in question violates constitutional equal protection provisions because section 200.1—2A5(a) and (b) applies only to the transfer of certain types of personal property and because section 200.1—3 taxes nonresidents of the City of Chicago at a rate lower than residents.

We initially note that section 200.1—2A is general in nature, providing that the tax shall be imposed upon "transactions consummated in the City of Chicago involving the lease or rental of *any* personal property." (Emphasis added.) The term "personal property" is defined in section 200.1—2A(5)(a) and (b), as follows:

"(a) As used in paragraph 200.1—2A, personal property means motor and other vehicles * * *, construction and demolition equipment * * *; household and office equipment * * *; clothing * * *; office and computing equipment * * *; and such miscellaneous equipment as musical instruments.

(b) As used in paragraph 200.1—2A, personal property shall also mean leased time on equipment not otherwise itself rented * * *."

It is obvious that this section omits, for no discernible reason, the leases or rentals of numerous other items of personal property.

Plaintiffs first challenge the validity of the tax because it fails to include in the definition of personal property items such as printing equipment, signs, ice making machines, burglar alarms, telephone equipment, industrial equipment and machinery. They argue that no rational basis exists for this exclusion. Also, on equal protection grounds, plaintiffs challenge the provision of section 200.1—3A, which provides that nonresidents of the City of Chicago shall pay the tax at a lesser rate than residents. In 1974 nonresidents paid only 95% of the rate applied to residents; in 1975, 90%; and in subsequent years, the rate continues to decrease to its final level of 50%.

■■ It is well established that the legislature has broad powers to establish reasonable classifications in defining subjects of taxation. (*Klein v. Hulman*, 34 Ill. 2d 343, 346, 215 N.E.2d 268; *People ex rel. Holland Coal Co. v. Isaacs*, 22 Ill. 2d 477, 176 N.E.2d 889.) It may define a general class which is subject to an occupation tax and then specifically remove a subclass (*Bode v. Barrett*, 412 Ill. 204, 106 N.E.2d 521; *Modern Dairy*

*Co. v. Department of Revenue,* 413 Ill. 55, 108 N.E.2d 8), or it may merely define a subclass without naming the general class (*Fiorito v. Jones,* 39 Ill. 2d 531, 236 N.E.2d 698; *People v. Deep Rock Oil Co.,* 343 Ill. 388, 175 N.E. 572). A home rule unit enacting taxing provisions is likewise entitled to the same broad powers to establish reasonable classifications in defining subjects of taxation. (Ill. Const. 1970, art. VII, §6.) However, regardless of the manner in which the classes to be taxed have been defined, the classification must be based upon real and substantial differences between persons taxed and those not taxed (*Klein; City of Chicago v. Ames,* 365 Ill. 529, 7 N.E.2d 294), and the classification must bear some reasonable relationship to the object of the legislation (*Modern Dairy Co. v. Department of Revenue*) or to public policy (*Reif v. Barrett,* 355 Ill. 104, 188 N.E. 889). In any law classifying the subjects or objects of nonproperty taxes or fees, the classes shall be reasonable and the subjects and objects within each class shall be taxed uniformly. (Ill. Const. 1970, art. IX, §2.) The constitutional mandate of uniformity of a tax may be violated by including within a class those not in fact within the class (*People ex rel. Holland Coal Co. v. Isaacs; Svithiod Singing Club v. McKibbin,* 381 Ill. 194, 44 N.E.2d 904; *Scully v. Hallihan,* 365 Ill. 185, 6 N.E.2d 176; *Banghart v. Walsh,* 339 Ill. 132, 171 N.E. 154; *Wedesweiler v. Brundage,* 297 Ill. 228, 130 N.E. 520), as well as by excluding from a class those properly belonging to it (*Ohio Oil Co. v. Wright,* 386 Ill. 206, 53 N.E.2d 966; *City of Chicago v. Ames; People ex rel. Holland Coal Co.; Lippman v. People,* 175 Ill. 101, 51 N.E. 872).

■■ Counsel for defendants here seeks to uphold the validity of the tax by urging that it is impossible for a legislative body to consider every imaginable and exceptional case in enacting an ordinance. Further, counsel states that differences in businesses or business methods have been held to justify tax classifications. We are not convinced by this argument. It appears to us that the City, for some unknown reason, failed to insert the words "but shall not be limited to" immediately following the words "personal property means" in the section 200.1—2(5)(a) definition of "personal property." [4] However, the tax ordinance does not so read, and as it stands we can perceive no rational basis to justify the imposition of the tax upon the lease or rental of construction, demolition, household and office equipment where the tax is not imposed upon the lease or rental of many other items; *e.g.,* printing, telephone and industrial equipment and machinery. We can only conclude that the distinction between the class of those items of personal property which are subject to the

---

[4] The section would then read "As used in paragraph 200.1—2A, personal property means, *but shall not be limited to  * * *.*"

tax and those not included is not one based upon any real and substantial difference. (*Klein; City of Chicago*.) Accordingly, we hold the tax ordinance to be invalid.

Inasmuch as this invalidity negates the tax itself, we need not answer further any remaining questions certified, and we will remand this cause for the disposition of any remaining issues consistent with the content of this opinion.

Order denying motion to dismiss is affirmed.

Cause remanded.

BARRETT and DRUCKER, JJ., concur.