ALLEN SANNER, Plaintiff-Appellant, *v.* CHAMPAIGN COUNTY, Defendant-Appellee.—(DONNA SUNDERLAND, Plaintiff.)

Fourth District   No. 16206

■■■■

Opinion filed September 17, 1980.

Robert I. Auler, of Auler Law Offices, and Mark DeBofsky and Susan D. Rundquist, both law students, all of Urbana, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Joseph D. Pavia, Assistant State's Attorney, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Since their enactment, section 10 of the Cannabis Control Act (Ill. Rev. Stat. 1977, ch. 56½, par. 710) and section 410 of the Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1410) have provided for a procedure whereby persons who plead or are found guilty of violations of certain provisions of those acts, as a first offense, may be placed by the court on a special type of probation. No "judgment of guilt" is entered unless the defendant subsequently violates the terms of the probation. If the defendant successfully completes the probation, the defendant is

discharged and the case dismissed. Otherwise, the court may enter a "judgment of guilt" and proceed as otherwise provided.

The case on appeal is a civil suit by persons who allege to have been defendants to the above type of proceedings, seeking reimbursement for fines and costs which they claim to have previously been required to pay as a condition of their probation. Any such orders would admittedly have been erroneous. The principal issue is whether the complaint shows upon its face that it constitutes an improper collateral attack upon the orders entered in the criminal proceedings.

On April 6, 1978, plaintiffs, Allen Sanner and Donna Sunderland, brought suit in the circuit court of Champaign County against that county as a body corporate and politic seeking to recover for fines and costs paid by them as previously described. They claimed to have been probationers in that court to proceedings under sections 10 and 410, respectively. Each plaintiff also sought to sue on behalf of a class of persons who had made similar payments in that court under the respective sections since August 16, 1971, the effective date of the legislation. On June 7, 1979, the trial court allowed defendant's motion to dismiss the complaint in bar of action. Plaintiffs made a timely motion for reconsideration and after various proceedings, the trial court entered a judgment on March 13, 1980, confirming its judgment of dismissal. Plaintiff Sanner appeals.

Sanner's claim is founded upon the decision in *People v. DuMontelle* (1978), 71 Ill. 2d 157, 374 N.E.2d 205. From the effective date of sections 10 and 410 until after the *DuMontelle* decision they both provided for probation which would be subject to "reasonable terms and conditions" as the court might require. No reference was made as to what "reasonable terms and conditions" might be. In *DuMontelle*, a section 10 probationer ordered to pay a fine and costs as a condition of probation appealed from that order. The supreme court held that the probation procedure authorized was in the nature of a continuance negating any authority to order a fine or costs to be paid as a condition thereof.

Subsequent to *DuMontelle* the General Assembly amended sections 10 and 410 (Ill. Rev. Stat. 1979, ch. 56½, pars. 710 and 1410), effective June 30, 1978, to expressly authorize requirements for defendants to pay fines and costs as a condition of probation. The amendments purported to be declarations of existing law validating orders previously entered imposing such conditions. In *Roth v. Yackley* (1979), 77 Ill. 2d 423, 396 N.E.2d 520, class actions were brought for reimbursement by and on behalf of persons who had paid such fine and costs prior to June 30, 1978. The trial court dismissed the complaint upon defendants' motion, which relied upon the purportedly retroactive effect of the amendment. After allowing

direct appeal, the supreme court reversed and remanded for further proceedings. It held the provision purporting to give retroactive effect to the amendment to be void for violating the doctrine of separation of powers. It noted that the effect of that provision was to overturn the *DuMontelle* decision.

As the progress of the instant case was generally parallel to the enactment of the amendment and *Roth*, the contentions of the parties changed several times. The trial court supported its final decision with a memorandum stating that it was dismissing the case because it amounted to an impermissible collateral attack upon the various probation orders which, although erroneous under *DuMontelle*, were not void or beyond the court's jurisdiction. On appeal, defendant seeks to support the trial court's order (1) upon the theory adopted by the trial court, and (2) by arguing that this is particularly true when the collateral attack seeks a retroactive application of *DuMontelle*. Sanner maintains that the case does not involve any collateral attacks upon orders because the orders for payment were not final in nature. He, also, asserts that *DuMontelle* is not the type of decision that should be given only prospective application.

We agree with Sanner to the extent that if the proceeding below was not a collateral attack upon trial court orders in criminal proceedings, the decision in *DuMontelle* should be applied retroactively. In *People v. Harris* (1979), 69 Ill. App. 3d 118, 387 N.E.2d 33, a pre-*DuMontelle* probation order under section 410 requiring payment of fine and costs was attacked, post-*DuMontelle*, directly on appeal. The court noted that *Roth* precluded the amendment to that section from validating the orders and rejected the State's claim that only prospective application should be given to *DuMontelle*. The appellate court noted that *DuMontelle* concerned the meaning of a statute and the ruling determined what the statute had always meant. It distinguished that situation from one where a court adopts a new judicial standard by overruling prior case law or declaring a statute unconstitutional. We agree with that reasoning. When a new judicial standard is adopted, various factors may be considered in determining whether the ruling should have prospective or retrospective application. (See *People v. Meyerowitz* (1975), 61 Ill. 2d 200, 335 N.E.2d 1; *People v. Ellis* (1973), 53 Ill. 2d 390, 292 N.E.2d 728.) No case has been called to our attention holding that any factors may permit a trial court to give only prospective effect to a decision such as *DuMontelle* interpreting the meaning of a statute.

Accordingly, the heart of this case concerns the question of (1) whether collateral attacks may be made upon erroneous orders for payments of fines and costs as a condition of probations granted pursuant to former sections 10 and 410, and (2) whether the instant proceedings constitute collateral attacks. Both questions are complicated.

■■ The theory of the trial court and of the defendant, that orders made erroneous by *DuMontelle* are not subject to collateral attack except by proceedings not undertaken here, is that of the dissent in *Roth* written by Mr. Justice Underwood and joined in by Mr. Chief Justice Goldenhersh. It pointed out the proceeding was not one (1) under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), (2) for writ of *habeas corpus* (Ill. Rev. Stat. 1977, ch. 65, par. 22), nor (3) under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*). The dissent explained that collateral attacks upon judgments in criminal cases have been permitted when the judgments arose from unconstitutional statutes (*People v. Meyerowitz* (1975), 61 Ill. 2d 200, 335 N.E.2d 1), or where a defendant's constitutional rights have been violated substantially. It concluded that absent such a situation and absent a proceeding involving one of the three listed extraordinary remedies, the case was controlled by the rule that a judgment rendered by a court having jurisdiction controlled. (*Young v. Lorain* (1850), 11 Ill. 624.) The dissent concluded that to preserve the issue of the propriety of the imposition of the fine and costs, probationers should have objected to the fine and costs requirement and appealed that order. We agree with this theory and deem it applicable to the instant case.

In adopting the reasoning of a dissent, we are faced with the obvious problem that a dissent is not precedent and ordinarily is counter to the precedent of the case. However, in *Roth* the dissent is in an unusual posture. The points discussed in the dissent are not discussed by the majority. Neither opinion gives any indication that the points were argued. The rule is well established that a decision of a court of review creates no precedent on points not argued to it nor discussed in its opinion. (*United States v. L. A. Tucker Truck Lines, Inc.* (1952), 344 U.S. 33, 97 L. Ed. 54, 73 S. Ct. 67; *Webster v. Fall* (1925), 266 U.S. 507, 69 L. Ed. 411, 45 S. Ct. 148; *Bramstaedt v. Indian Boundary Sanitary District* (1928), 332 Ill. 339, 163 N.E. 801.) But no case has been called to our attention discussing the effect of a dissent based upon a point not argued to the court or discussed in the majority opinion. We, thus, face the question of whether the silence of the majority upon the theory of the dissent demonstrates rejection of that theory.

In *Roth*, the portion of the opinion directing as the mandate stated:
    "In sum, we find that the General Assembly cannot constitutionally overrule a decision of this court by declaring that an amendatory act applies retroactively to cases decided before its effective date. Accordingly, the order of the circuit court striking and dismissing plaintiffs' complaints on the basis of the amendments to the Cannabis Control Act and the Illinois Controlled Substances Act is reversed, and the cause is remanded

for a determination of whether this cause was properly brought as a class action and whether the plaintiffs are entitled to the relief they sought." 77 Ill. 2d 423, 429-30, 396 N.E.2d 520, 522-23.

We conclude that the *Roth* majority did not reject the reasoning of the dissent but chose not to pass upon a point that had not been presented to it and rather to let a ruling on that issue abide its being raised. Our conclusion is based partly upon the fact that upon the same day the supreme court filed its opinion in *Roth* it also filed an opinion in *Johnston v. City of Bloomington* (1979), 77 Ill. 2d 108, 395 N.E.2d 549. In that case a unanimous court held that no recovery could be had in a civil suit for reimbursement for municipal fines paid under an unconstitutional municipal ordinance. The court deemed the fines to be civil penalties and thus distinguished the case from *Meyerowitz*, where a similar collateral attack had been permitted upon orders to pay fines under an unconstitutional criminal statute. The court stated that a civil judgment could be collaterally attacked as being void only upon the basis that the court lacked jurisdiction. Because of the supreme court's lengthy discussion in *Johnston* of the permissibility of collateral attacks upon orders based on unconstitutional legislation, we would expect the *Roth* majority to have addressed the issue of collateral attacks upon merely erroneous orders in criminal cases imposing fines or costs if they wished to establish precedent upon that point.

Finally, we consider Sanner's contention that the complaint does not amount to a collateral attack upon a prior order. There is no dispute that if the judgment orders requiring the payment of fines and costs were final orders appealable by the plaintiffs as a matter of constitutional right under article VI, section 6, of the Illinois Constitution of 1970, the suit brought would be such an attack. However, Sanner claims that probation orders under section 10 and 410 are interlocutory in nature because no "judgment of guilt" is entered and because, as stated in *DuMontelle*, the probation order is in the nature of a continuance. Significantly, *DuMontelle* arose from a direct appeal from a section 10 order requiring payment of a fine and costs. The opinion did not question the appealability of that order. Similarly, in *Harris*, appeal from such an order was entertained without reference to how it became appealable. Unless those orders were appealable as a matter of constitutional right under article VI, section 6, of the Illinois Constitution of 1970, they could only have been appealable under Supreme Court Rule 604(b) (73 Ill. 2d R. 604(b)), which states in part:

"A defendant who has been found guilty and sentenced to probation or conditional discharge (see Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—1 through 1005—6—4), or to periodic imprisonment (see

Ill. Rev. Stat. 1973, ch. 38, par. 1005—7—1 through 1005—7—8), may appeal from the judgment and may seek review of the finding of guilty or the conditions of the sentence, or both. He may also appeal from an order modifying the conditions of or revoking such a sentence."

In *People v. Stueve* (1977), 66 Ill. 2d 174, 361 N.E.2d 579, a defendant whose probation had been revoked and who had been sentenced to imprisonment appealed seeking to raise the question of his conviction. As more than 30 days had elapsed since his original sentence to probation, the supreme court held that under its then Rule 604(b) (50 Ill. 2d R. 604(b)), the propriety of that conviction could not be raised unless the trial court had lacked jurisdiction to enter the order of conviction. Rule 604(b) was the same then as now, except that the rule there was only applicable to probation. Since then, it has also been made applicable to conditional discharge and periodic imprisonment and now makes reference to the places in the Unified Code of Corrections where provision is made for those sentences. Comments of the Supreme Court Rules Committee (Ill. Ann. Stat., ch. 110A, par. 604(b), Committee Comments, at 61-62 (Smith-Hurd 1976)) state that the amendment was made to cover new types of sentences adopted by the Unified Code of Corrections. Thus, if probation orders under sections 10 and 410 are appealable under Rule 604(b), the instant case constitutes a collateral attack on those orders.

Even if section 10 and 410 probation orders are not appealable, the complaint still fails to state a cause of action.

■■ In cases where the payments of fine and costs were ordered and the probation has terminated, the court would have entered an order either (1) directing the cases be dismissed because of the probationer's successful completion of probation, or (2) entering a judgment of guilt. In either case, such an order would have been appealable as a matter of right as a final order. If the probationer could not have earlier appealed the requirement for payment of fine or costs, he could have done so at that time. To later raise the issue constitutes a collateral attack.

■■ On the other hand, in those cases where the probation was still in effect, the court could be petitioned in those proceedings for reimbursement for fine or costs paid. Such a remedy would be in the nature of a remedy at law. The complaint in the instant case states on its face to be seeking equitable relief. Before seeking that type of relief, a person is still ordinarily required to exhaust all legal remedies. (*Williams v. City of Chicago* (1976), 36 Ill. App. 3d 216, 343 N.E.2d 539, *rev'd on other grounds* (1977), 66 Ill. 2d 423, 362 N.E.2d 1030, *cert. denied* (1977), 434 U.S. 924, 54 L. Ed. 2d 282, 98 S. Ct. 402; see also *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 326 N.E.2d 737.) The

complaint gives no indication that such a remedy was sought or that it would be inadequate. Therefore, the complaint fails to state a cause of action covering the situation that would exist if an order, appealable because of its finality, had not been entered.

For the reasons stated, we affirm.

Affirmed.

TRAPP and WEBBER, JJ., concur.