The Honorable Dennis Young State Representative P.O. Box 1835 Texarkana, Arkansas 75504-1835
Dear Representative Young:
This official Attorney General opinion is rendered in response to your recent question regarding fines paid under the authority of an administrative regulation that was subsequently held to be unconstitutional.
More specifically, your question refers to the Arkansas Game and Fish Commission's Regulation No. 18.04, which was adopted in April, 1995. This regulation (commonly referred to as the "gun case law") generally prohibited hunting from or shooting across any city, county, state, or federally maintained road or right-of-way. It also required that firearms being carried in a motor vehicle or conveyance be unloaded and enclosed in a case or placed in a gun rack (unloaded) while on any city, county, state, or federally maintained road or right-of-way. The penalty for violation ranged from $100.00 to $1000.00. This regulation was regularly enforced by the Game and Fish Commission's wildlife officers, and fines for violations were assessed by the various municipal courts throughout the state.
In December, 1995, Regulation No. 18.04 was held by the Garland County Circuit Court to be unconstitutional. The Arkansas Supreme Court affirmed this holding. Arkansas Game and Fish Comm'n v. Nelson, 327 Ark. 426,938 S.W.2d 854 (1997).
Accordingly, you have presented the following questions:
 (1) Are the fines levied pursuant to Regulation 18.04 subject to refunding?
(2) From what point in time would the fines be subject to refunding?
 (3) What mechanism(s) are available to force the refunding of the fines?
RESPONSE
Question 1 — Are the fines levied pursuant to Regulation 18.04 subject torefunding?
The law is unclear on this issue. The Arkansas Supreme Court has not addressed the issue, and the court decisions that have addressed it are conflicting. For this reason, I cannot opine definitively in response to your question.
It should be noted initially that the Arkansas Supreme Court has addressed one aspect of the issue you have raised. More specifically, the Arkansas Supreme Court has held unequivocally that when a law is declared unconstitutional, it must be treated as if it had never been passed; it is a nullity and is inoperative; rights cannot be built up under it; and it protects no one who has acted under it. See, e.g., Huffman v.Dawkins, 273 Ark. 520, 622 S.W.2d 159 (1981); Morgan v. Cook,211 Ark. 755, 202 S.W.2d 355 (1947); Cochran v. Cobb, 43 Ark. 180 (1884).
Although this definitive position of the Arkansas Supreme Court could be viewed as providing some measure of guidance on the question of refunds, it clearly does not resolve the issue. The courts that have addressed the issue directly have differed as to the practical significance of a finding that a law was unconstitutional (and therefore void ab initio).
Some courts have held that a fine paid pursuant to a criminal statute that is later held to be unconstitutional can be recovered. See, e.g.,Neely v. United States, 546 F.2d 331 (3d Cir. 1976); United States v.Lewis, 342 F. Supp. 833 (E.D. La. 1972); State of Alabama v. McCurley,412 So.2d 1236 (Ala. 1982); State of South Dakota v. Piekkola,90 S.D. 335, 241 N.W.2d 563 (1976).[1]
Other courts, though, have held that a criminal judgment imposing a fine cannot be collaterally attacked, even though it has been held to be unconstitutional, and that the right to recovery of the fine has been waived. See, e.g., Sanner v. Champaign County, 88 Ill. App.3d 491,410 N.E.2d 656 (1980); Gonzales v. State of California, 68 Cal. App. 3d 621,137 Cal. Rptr. 681 (1977).[2]
Finally, some courts have drawn a distinction between whether the fine in question was paid voluntarily or involuntarily (in a manner similar to the Arkansas Supreme Court's approach to refunds of taxes), see, e.g.,Capri Adult Cinema v. State of Tennessee, 537 S.W.2d 896 (Tenn. 1976), or between cases that are still pending and those that have been completed.See, e.g., Sanner v. Champaign County, 88 Ill. App.3d 491, 410 N.E.2d 656
(1980).
Because of the wide variety of possible approaches to this issue, it is difficult to predict how the Arkansas Supreme Court might rule if presented with the question. It is clear, however, that even if refunds are recoverable, the state does not have an affirmative duty to repay the fines absent some proof of the claimant's entitlement. That is, claimants would be required to present their claims and evidentially establish their entitlement to such refunds. See response to Question 3.
Question 2 — From what point in time would the fines be subject torefunding?
It is my opinion that if fines levied under an unconstitutional regulation are held to be recoverable, they would be recoverable from the date on which they were first levied under the unconstitutional regulation. This conclusion is based upon the fact that it has been specifically held that unconstitutional laws are void not only from the time that the court declares them to be so, but are void ab initio, and justify no acts performed under them. See Rodgers v. Mabelvale ExtensionRoad Imp. Dist. No. 5 of Saline County, 103 F.2d 844 (1939).
Question 3 — What mechanism(s) are available to force the refunding ofthe fines?
I reiterate that it is unclear whether the fines about which you have inquired are, in fact, recoverable, and I have drawn no specific conclusions with regard to that issue. Nevertheless, if such fines were held to be recoverable, it appears that the only available avenue for their recovery would be through the State Claims Commission. The Arkansas General Assembly has specifically created this mechanism for making claims for monetary recovery from the State or its agencies (such as the Game and Fish Commission). A.C.A. § 19-10-201 et seq.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] In non-criminal contexts (which of course are distinguishable from the situation about which you have inquired, but which may nevertheless provide some guidance), the Arkansas Supreme Court has approved the refund of fees and penalties that were found to be illegal. See, e.g., ArkansasCounty v. Burris, 308 Ark. 490, 825 S.W.2d 590 (1992); Hartwick v.Thorne, 300 Ark. 502, 780 S.W.2d 531 (1989).
[2] Again, in the distinguishable, yet noteworthy non-criminal context, both the federal and state courts in Arkansas have traditionally and on numerous occasions held that judgments that were void ab initio
are open to collateral attack. See, e.g., City of Memphis, Tenn. v.Ingram, 195 F.2d 338 (1952); Chester v. Arkansas St. Bd. of ChiropraticExamniners, 245 Ark. 846, 435 S.W.2d 100 (1968); Heinen v. Dixon,236 Ark. 1, 364 S.W.2d 153 (1963); Taylor v. O'Kane, 185 Ark. 782,49 S.W.2d 400 (1932); Bragg v. Thompson, 177 Ark. 870, 9 S.W.2d 24 (1928);Evans v. Perciful, 5 Ark. 424, 5 Pike 424 (1844).