(No. 47206.—

FREDERICK DOUGLAS ANDREWS *et al.,* Appellants, v. MATTHEW J. DANAHER, Circuit Clerk, *et al.,* Appellees.

*Opinion filed January 26, 1976.*

CREBS, J., took no part.

R. Eugene Pincham and Charles B. Evins, of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Deputy State's Attorney, and Henry A. Hauser and Michael F. Baccash, Assistant State's Attorneys, of counsel), for appellees.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

We consider here an appeal under our Rule 302(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 302(b)) from a dismissal by the circuit court of Cook County of the plaintiffs'

complaint which had alleged that a provision of section 110—7(f) of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 110—7(f)) was unconstitutional.

The plaintiffs, Frederick Douglas Andrews, Andrew Brown, Curlee Reed and Andrew Peden, were indicted on May 1, 1968, on charges of conspiracy and arson. Bond had been set originally at $120,000 as to each plaintiff, but on their application this court reduced the bond of each to $75,000. Each of the plaintiffs was released on bond under section 110—7 of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 110—7) after depositing $7,500, 10% of his bond, with the clerk of the circuit court. After they were acquitted by a jury on June 19, 1969, the plaintiffs requested the clerk to return the full amount of $7,500 each had deposited. The clerk returned $6,750 to each plaintiff, retaining $750 or 10% of the bond deposit as authorized by section 110—7(f). (Ill. Rev. Stat. 1967, ch. 38, par. 110—7(f).) (Other provisions of our bail statute were set out in our opinion in *Schilb v. Kuebel,* 46 Ill.2d 538. It will not be necessary to restate them here.)

In November, 1969, the plaintiffs filed their complaint against Matthew J. Danaher, the then clerk of the circuit court of Cook County, and Edmund Kucharski, the then treasurer of Cook County. The complaint asked the return of the $750 retained on each bond, claiming that the provision authorizing the retention of 10% of the bond deposit to cover administrative costs was unconstitutional.

Proceedings on the complaint were stayed by the trial court pending the determination of a case then on appeal before this court in which the constitutionality of the same administrative cost provision had been challenged. This court, with two justices dissenting, in October, 1970, held the provision to be constitutional. (*Schilb v. Kuebel,* 46 Ill.2d 538.) The Supreme Court of the United States in December, 1971, affirmed our holding. (*Schilb v. Kuebel,* 404 U.S. 357, 30 L. Ed. 2d 502, 92 S. Ct. 479.)

Apparently the pendency of the plaintiffs' complaint was overlooked until October 22, 1974, on which date the circuit court, on the defendants' motion, dismissed the complaint.

As we have noted, the complaint here was filed some 11 months before the constitutionality of the administrative cost provision of the statute was considered and upheld by this court. The contentions in the plaintiffs' complaint are the same, except for one, as the contentions made before this court and rejected in *Schilb v. Kuebel,* 46 Ill.2d 538. This court there concluded: "No unconstitutional discrimination is involved and the legislative enactments are not in violation of fundamental concepts of due process or equal protection of the law." (46 Ill.2d at 552.) It is of course unnecessary to consider now the contentions so recently rejected in *Schilb* by this court and by the Supreme Court. 404 U.S. 357, 30 L. Ed. 2d 502, 92 S. Ct. 479.

The contention of the plaintiffs which was not advanced or considered in *Schilb* is that under article 110 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 110—1 *et seq.*) the State has created a monopoly over the means by which an accused may be admitted to bail and that under *Boddie v. Connecticut,* 401 U.S. 371, 28 L. Ed. 2d 113, 91 S. Ct. 780, the State is prohibited from imposing upon an accused a fee for exercising his constitutional right to bail.

However, we would first observe that *Boddie* was handed down by the Supreme Court shortly before (nine months) its holding in *Schilb* and obviously the court considered that *Boddie* would not govern its decision in *Schilb.*

What was involved in *Boddie* is not present here. In *Boddie* the court observed that in Connecticut as in other States the only avenue of securing a divorce was through the judicial machinery of the State. As a condition of obtaining access to this judicial machinery the State

required a filing fee which in practice blocked access to the courts of persons unable to pay the filing fee. The Supreme Court said:

> "Our conclusion is that, given the basic position of the marriage relationship in this society's hierarchy of values and the concomitant state monopolization of the means for legally dissolving this relationship, due process does prohibit a State from denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages." 401 U.S. at 374, 28 L. Ed. 2d at 116-17, 91 S. Ct. at 704.

Here of course the marriage relationship and its judicial dissolution are not involved, nor do we have the State denying access to its courts. There is nothing under article 110, and in particular under the cost retention provision in section 110—7, which results in an accused being denied access to the courts of this State because of indigency. Following the commencement of a criminal prosecution an accused comes before the court, and in some instances he does so at the very time his bail is set. At any time following the setting of bail he may come into court to seek his release upon a personal recognizance under section 110—2 or to seek a reduction of bail or to make other motions. We would note parenthetically that in this case the plaintiffs moved for a reduction in bail before a justice of this court on June 11, 1968, and that the amount of bail required was reduced. It is clear that under article 110 access to our courts is certainly not denied solely because of the inability of an accused to pay.

We would note too that the holding in *Boddie* was in part grounded on the rationale of *Griffin v. Illinois,* 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585. The court observed:

> "In *Griffin* it was the requirement of a transcript beyond the means of the indigent that blocked

access to the judicial process. While in *Griffin* the transcript could be waived as a convenient but not necessary predicate to court access, here the State invariably imposes the costs as a measure of allocating its judicial resources. Surely, then, the rationale of *Griffin* covers this case." *Boddie v. Connecticut,* 401 U.S. at 382, 28 L. Ed. 2d at 121, 91 S. Ct. at 788.

In *Schilb,* the contention was made in the Supreme Court that the rationale of *Griffin* required that the administrative cost provision in the Illinois statute be declared unconstitutional. It was argued that the retention of 1% of a bond under section 110—7 was an unconstitutional burden on the indigent which was not imposed on the affluent who had the means to deposit under section 110—8 the full amount of bail without becoming liable for a fee. The court did not find merit in the claim. It declared it certainly was not withdrawing from the principle of *Griffin,* but said after analyzing the contention in detail: "[This] situation \*\*\* is not one where we may assume that the Illinois plan works to deny relief to the poor man merely because of his poverty." 404 U.S. at 370, 30 L. Ed. 2d at 514, 92 S. Ct. at 486-87.

The reliance by the plaintiffs on *Boddie* is misplaced.

For the reasons given, the judgment of the circuit court is affirmed.

*Judgment affirmed.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.