FRANK J. MORGAN, Plaintiff-Appellant, *v.* MORGAN M. FINLEY, Clerk of the Circuit Court of Cook County, *et al.*, Defendants-Appellees.

First District (1st Division) No. 80-2110

Opinion filed March 15, 1982.

Larry D. Drury, Ltd., of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Ronald P. Stake, Assistant State's Attorneys, of counsel), for appellees Morgan M. Finley, John M. Murphy, and Edward J. Rosewell.

Stanley Garber, Corporation Counsel, of Chicago (Robert R. Retke and Jerome A. Siegan, Assistant Corporation Counsel, of counsel), for appellee City of Chicago.

Ancel, Glink, Diamond, Murphy & Cope, P. C., of Chicago (Ronald S. Cope and Adrienne Levatino-Donoghue, of counsel), for *amici curiae* Village of Bridgeview *et al.*

JUSTICE O'CONNOR delivered the opinion of the court:

Section 5—6—1(c) of the Unified Code of Correction (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—1(c)) with reference to persons who are charged with offenses which are not felonies, that "[t]he court may, upon a plea of guilty or a stipulation by the defendant of the facts supporting the charge or a finding of guilt, defer further proceedings and the imposition of a sentence, and enter an order for supervision of the defendant * * *." No "judgment of guilt" is entered unless defendant violates the terms of the supervision. If the defendant successfully completes the supervision, the defendant is discharged and the charge is dismissed. Otherwise, the court may enter a "judgment of guilt" and proceed as otherwise provided.

Plaintiff Frank Morgan filed a class action against defendants Morgan Finley, clerk of the Circuit Court of Cook County, John M. Murphy, a judge of the Circuit Court of Cook County, Edward J. Rosewell, county treasurer, Cook County, Illinois, and the City of Chicago. This action was filed on behalf of both Morgan and persons who allege that they were defendants placed on supervision in the above type of proceedings. They seek injunctive and other relief, alleging the improper and unconstitutional imposition of fines and costs pursuant to section 5—6—3.1(c)(2) of the Unified Code of Corrections. Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3.1(c)(2).

The trial court denied plaintiff's motion for certification of the class and dismissed the complaint finding that, because plaintiff had neither raised the issue of the propriety of imposing fines and costs as an incident of supervision in the proceeding in which he had been ordered placed on supervision nor had appealed that order, the principles of collateral estoppel barred him from maintaining this action.

On appeal, plaintiff contends that (1) he is not collaterally estopped or barred by the doctrine of *res judicata* from challenging the supervision statute in an independent proceeding in equity, (2) fines and costs cannot be constitutionally imposed upon a defendant who has not been convicted of any offense, and (3) the trial court improperly denied plaintiff's motion for class certification.

The first issue is whether plaintiff is barred by the doctrines of *res*

*judicata* and collateral estoppel from challenging the supervision statute in this independent proceeding.

Plaintiff contends that neither collateral estoppel nor *res judicata* bars this action because a supervision order is not a final order from which an appeal can be taken. Therefore, plaintiff contends, it is proper to raise the constitutionality of section 5—6—3.1(c) in this action.

Defendants Finley, Murphy, Rosewell and the City of Chicago contend that, because the order of supervision was final for purposes of appeal pursuant to section 5—6—3.1(i) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3.1(i)) and because plaintiff did not appeal that order, he is barred by the doctrines of *res judicata* and collateral estoppel from raising the issue in this proceeding.

The Village of Bridgeview, the Village of Hazel Crest, the Village of Lincolnwood, the Village of Maywood and the Village of Rosemont filed a brief as *amicus curiae*. Their position on this issue is identical to that of the defendants.

To resolve this issue, we find it helpful to review the cases dealing with the imposition of costs and fines in a probation proceeding under former sections 10 of the Cannabis Control Act (Ill. Rev. Stat. 1973, ch. 56½, par. 710) and 410 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1410). Section 10 provided for probation which would be subject to "reasonable terms and conditions" as the court may require. Section 410 provided for probation which would be subject to "terms and conditions." However, no reference was made in either section as to what constituted proper terms and conditions. In *People v. DuMontelle* (1978), 71 Ill. 2d 157, 374 N.E.2d 205, a section 10 probationer ordered to pay a fine and costs as a condition of probation appealed from that order. The supreme court held that the probation procedure authorized was in the nature of a continuance, negating any authority to order a fine or costs to be paid as a condition thereof.

After the decision in *People v. DuMontelle*, the General Assembly amended sections 10 and 410 (Ill. Rev. Stat. 1979, ch. 56½, pars. 710 and 1410), effective June 30, 1978, to expressly authorize requirements for defendants to pay fines and costs as a condition of probation. In *Roth v. Yackley* (1979), 77 Ill. 2d 423, 396 N.E.2d 520, plaintiffs brought two separate class action suits seeking return of fines and costs paid as conditions of probation. The trial court dismissed the complaints and on direct appeal the supreme court reversed. The majority opinion did not address the issue of whether plaintiffs' suits were an impermissible collateral attack on the judgments imposing terms and conditions of probation after failing to object or appeal at the time they were imposed. However, the dissenting opinion of Justice Underwood viewed that issue as dispositive

of the case. He stated that "[p]laintiffs here could have objected to the imposition of the fines as a condition of probation. If their objections had been overruled, they could have appealed. Having failed to do so, they have allowed the trial court judgments to become *res judicata* and cannot now attack them." *Roth v. Yackley* (1979), 77 Ill. 2d 423, 433 (dissenting opinion).

The plaintiffs in *Sanner v. Champaign County* (1980), 88 Ill. App. 3d 491, 410 N.E.2d 656, decided by the appellate court in the Fourth District, brought suit seeking reimbursement for fines and costs which they claimed to have previously been required to pay as a condition of probation. The court there was faced with the question of whether collateral attacks may be made upon erroneous orders for payments of fines and costs as a condition of probation granted pursuant to former sections 10 of the Cannabis Control Act (Ill. Rev. Stat. 1977, ch. 56½, par. 710) and 410 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1410). The court in *Sanner* adopted the theory of the dissent in *Roth* that the orders were not subject to collateral attack except by proceedings (1) under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72); (2) for writ of *habeas corpus* (Ill. Rev. Stat. 1977, ch. 65, par. 22); or (3) under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*). To justify its reliance on the dissent in *Roth*, the *Sanner* court pointed out that the dissent in *Roth* is in an unusual posture because the points discussed in the dissent are not discussed by the majority and neither opinion gives any indication that the points were argued. The *Sanner* court relied on the rule that a decision of a court of review creates no precedent on points not argued to it nor discussed in its opinion. (*Sanner v. Champaign County* (1980), 88 Ill. App. 3d 491, 495.) *Sanner* found that the silence of the majority upon the theory of the dissent did not demonstrate a rejection of that theory. Therefore, *Sanner* found that collateral attacks could not be made upon erroneous orders for payments of fines and costs as a condition of probation.

The *Sanner* court also found that the proceedings in that case would constitute a collateral attack if the judgment orders requiring the payment of fines and costs were final orders appealable by plaintiffs as a matter of constitutional right under article VI, section 6, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. VI, §6). The court added that if the probation orders under sections 10 and 410 were appealable under Supreme Court Rule 604(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 604(b)), the proceedings in the *Sanner* case would constitute a collateral attack on those orders.

We agree with the reasoning of the *Sanner* court and find that the instant proceedings would constitute a collateral attack if the judgment orders requiring the payment of fines and costs were final orders appeal-

able by plaintiffs. Section 5—6—3.1(i) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3.1(i)) provides: "A disposition of supervision is a final order for the purposes of appeal."

In *People v. Tarkowski* (1981), 100 Ill. App. 3d 153, 426 N.E.2d 631, the court found that subsection unconstitutional, stating that it was an attempt by the General Assembly to regulate appellate jurisdiction. Therefore, the order placing defendant on supervision is not a final judgment appealable as a matter of constitutional right under article VI, section 6, of the Illinois Constitution of 1970. However, in *People v. Tarkowski* the court also found that the order placing the defendant on supervision was appealable as an interlocutory appeal because an appeal from a disposition of supervision is encompassed within the meaning of Supreme Court Rule 604(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 604(b)), which provides for interlocutory appeals in cases where a defendant is sentenced to probation, conditional discharge or periodic imprisonment. Because the order placing defendant on supervision was appealable as an interlocutory appeal, we find that the instant proceeding constitutes an impermissible collateral attack on that order.

Therefore, we affirm the judgment of the circuit court of Cook County. Because of our resolution of this issue, we do not reach the other issues.

Affirmed.

GOLDBERG and McGLOON, JJ., concur.