JAMES WALKER *et al.*, Plaintiffs-Appellants, *v.* JOHN W. COCKRELL, Clerk of the Circuit Court of Du Page County, Defendant-Appellee.—FRED LAUTH *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY OF LAKE *et al.*, Defendants-Appellees.

Second District   Nos. 82—90, 82—209 cons.

Opinion filed November 24, 1982.

Richard J. Prendergast, Thomas J. Tyrrell, and Katrina Veerhusen, all of William J. Harte, Ltd., and Larry D. Drury, Ltd., both of Chicago, and Berle L. Schwartz, of Highland Park, for appellants.

John T. Elsner, of Samelson, Knickerbocker & Schirott, of Des Plaines, and Fred L. Foreman, State's Attorney, of Waukegan (Gary Neddenriep, Assistant State's Attorney, of counsel), for appellees.

JUSTICE NASH delivered the opinion of the court:

The principle question presented by these consolidated cases is whether the 10% bail bond costs retained by the clerk of the circuit court, as authorized by section 110—7(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 110—7(f)), violate article VII, section 9(a), of the 1970 Illinois Constitution. Ill. Const. 1970, art. VII, sec. 9(a).

The Du Page County appeal is from dismissal of a purported class action brought by plaintiffs James Walker and Ronald Klimer, on behalf of themselves and all others similarly situated in that county, and the Lake County appeal is brought by plaintiffs Fred Lauth, Laverne Krensky and Jeffrey Krensky from the dismissal of their similar purported class action in that county. In each case plaintiffs sought declaratory judgment that the costs which had been retained (or in Kliner's case, will be retained) by the circuit clerk from their bail deposit after disposition of their underlying cases violated the constitutional prohibition that compensation and expenses of officers and employees of units of local government shall not be based upon the funds disbursed or collected by them. In each case plaintiffs sought refund of all bail bond costs so retained by the respective circuit clerks since the effective date of the 1970 constitution. The Du Page County case joined as defendant only the circuit clerk while in Lake County the circuit clerk, county treasurer and the County of Lake were made defendants. The trial court in each case granted defendant's motion to dismiss the complaint and plaintiffs appeal.

We consider first the contention of defendants in each case that principles of collateral estoppel bar plaintiffs, other than Kliner in the Du Page County appeal, from maintaining these actions, and, as to Kliner, that no actual controversy is present to support an action for declaratory judgment.

In the Lake County case the complaint alleged, *inter alia*, that

each plaintiff had posted sums equal to 10% of the bail fixed after being arrested for ordinance or statute violations. After disposition of their cases, each plaintiff received a refund from the circuit clerk of 90% of the sums so deposited as bail with the clerk retaining as bail bond costs 10% of the amount deposited. In the Du Page County case the complaint alleged plaintiff Walker was arrested December 4, 1979, and, after bail was set at $100,000 by the court, he deposited $10,000 with the circuit clerk to secure his release under the 10% bail bond provision. That thereafter plaintiff Walker was discharged from his obligation under his bond and $9,000, or 90%, was returned to him, or his assignee, while the circuit clerk retained $1,000 as bail bond costs pursuant to section 110—7(f). As to plaintiff Kliner, the complaint alleged that after his arrest on March 11, 1981, he deposited $6,000 (10% of the bail set) with the circuit clerk pursuant to the statute which the circuit clerk presently holds pending disposition of that underlying case and his bond remains in effect. Kliner also alleged that $600, or 10% of the bail deposited by him, would be thereafter retained by the circuit clerk as costs upon disposition of that case.

Neither complaint alleged that any objection to the retention of the bail bond costs by the circuit clerk was made by plaintiffs in the trial court in those underlying cases which were completed or that appeals had been taken from the judgments there entered after their disposition.

■■ We conclude that the present action attacking the disposition of the bail deposited by each plaintiff, except Kliner, constitutes an attempt to avoid the rule against collateral attack of a judgment. The trial courts in each completed case had jurisdiction over the disposition of the bail deposited by virtue of section 110—7(f) (Ill. Rev. Stat. 1979, ch. 38, par. 110—7(f)) and plaintiffs were required to raise the issues sought to be presented here before those courts in which the judgments were entered. (See *Morgan v. Finley* (1982), 105 Ill. App. 3d 80, 83-84, 433 N.E.2d 1047, 1048-49; *Sanner v. Champaign County* (1980), 88 Ill. App. 3d 491, 497, 410 N.E.2d 656, 660.) If plaintiffs had done so those portions of the judgments directing disposition of defendant's bail deposit could have been considered by a reviewing court on a direct appeal. See *People v. Castile* (1981), 87 Ill. 2d 73, 76, 429 N.E.2d 495, 496.

Accordingly, in the Lake County appeal and that portion of the Du Page County appeal brought by plaintiff Walker, the trial court will be affirmed as the complaints contained no allegations attacking the jurisdiction of the courts entering the underlying judgments and thus failed to state a cause of action. See *DeBruyn v. Elrod* (1981), 84

Ill. 2d 128, 137-38, 418 N.E.2d 413, 417-18.

■■ A different question is presented as to whether plaintiff Kliner may pursue this action in the Du Page County appeal. Defendant contends Kliner's cause is not ripe for determination in declaratory judgment as the underlying case still pends and no actual controversy regarding the return of Kliner's bail deposit presently exists. (*Howlett v. Scott* (1977), 69 Ill. 2d 135, 141, 370 N.E.2d 1036, 1038; *Greene v. Village of Reynolds* (1976),35 Ill. App. 3d 998, 1000, 342 N.E.2d 834, 836.) We do not agree.

Plaintiff Kliner would appear to be in the immediate danger of sustaining direct injury by the loss of 10% of his bail deposit to the circuit clerk as costs, and we conclude that an actual controversy is present sufficiently to permit this action. If Kliner fulfills the obligation of his bond and the circuit clerk then follows the statute, the clerk will undoubtedly retain the challenged bail deposit costs as he is charged to do under the statute. (See *Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 450, 389 N.E.2d 529, 531, and *Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375, 362 N.E.2d 298, 300.) We will, therefore, consider the issues presented by Kliner's appeal.

We note that the constitutionality of the administrative cost provision contained in section 110—7(f) has been upheld by our supreme court in *Schilb v. Kuebel* (1970), 46 Ill. 2d 538, 264 N.E.2d 377, *aff'd* (1971), 404 U.S. 357, 30 L. Ed. 2d 502, 92 S. Ct. 479, as conforming to fundamental concepts of due process and equal protection of the law. It was again upheld in *Andrews v. Danaher* (1976), 62 Ill. 2d 268, 342 N.E.2d 49, against the claim the State unlawfully imposed upon an accused a fee for exercising his constitutional right to bail. The arguments advanced by plaintiff here were not considered in those cases. However, in *Sanko v. Carlson* (1977), 69 Ill. 2d 246, 249, 371 N.E.2d 613, 615, the court rejected as without merit an argument that the fee charged by the clerk of the circuit court for filing a tax objection violated article VII, section 9(a), of the constitution.

Plaintiff Kliner contends that article VII, section 9(a), of the constitution prohibits fees based upon "funds disbursed or collected" and, as the funds for bail bond costs are paid into the county treasury from which the clerk's office is funded, it is an unconstitutional county fee. Plaintiff argues that section 9(a) prohibits all fees received by the county which are based upon funds disbursed or collected, even if not collected by a county officer. Defendant essentially contends that the restrictions of article VII, section 9, relate only to officers and employees of units of local government and do not apply to the

clerk of the circuit court.

Section 110—7 of the Code of Criminal Procedure of 1963 provides for the posting of bail for release from custody by a person who has been arrested and for whom bail has been set by the court upon executing a bail bond and depositing with the clerk of the circuit court a sum of money equal to 10% of the bail. It further provides:

"When the conditions of the bail bond have been performed and the accused has been discharged from all obligations in the cause *the clerk of the court* shall return to the accused, unless the court orders otherwise, 90% of the sum which had been deposited and *shall retain as bail bond costs 10% of the amount deposited.* However, in no event shall the amount retained by the clerk as bail bond costs be less than $5." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 38, par. 110—7(f).

The bail bond costs so received by the circuit clerk are not kept by that office, but are deposited with the county treasurer as is required by section 2 of "An Act to provide for the timely deposit of fees ***" (Ill. Rev. Stat. 1979, ch. 85, par. 722); it states that "[a]ll elected or appointed officials of units of local government, *and clerks of the circuit courts,* *** shall deposit all such collected fees upon receipt with the county treasurer ***." (Emphasis added.) Other statutes require the county board to fund the office of clerk of the circuit court for salaries and other costs of operation. (See Ill. Rev. Stat. 1979, ch. 25, pars. 18, 19, 20, 27.3; Ill. Rev. Stat. 1979, ch. 34, pars. 432, 2101, 2104.) No question is raised by the complaint in the present case that bail bond costs are either retained personally by the circuit clerk or applied by him directly to the expenses of his office. See *Kotche v. County Board* (1980), 87 Ill. App. 3d 1127, 409 N.E.2d 501.

Article VII of the Illinois Constitution of 1970 relates to local government and its section 1 defines "units of local government" as

"counties, municipalities, townships, special districts, and units, designated as units of local government by law, which exercise limited governmental powers or powers in respect to limited governmental subjects, but does not include school districts." Ill. Const. 1970, art. VII, sec. 1.

Section 9 of article VII of the constitution, entitled "Salaries and Fees," provides that,

"(a) Compensation of officers and employees and the office expenses of units of local government shall not be paid from fees collected. Fees may be collected as provided by law and by ordinance and shall be deposited upon receipt with the trea-

surer of the unit. *Fees shall not be based upon funds disbursed or collected,* nor upon the levy or extension of taxes.

(b) An increase or decrease of the salary of an elected officer of any unit of local government shall not take effect during the term for which that officer is elected." (Emphasis added.) Ill. Const. 1970, art. VII, sec. 9(a)(b).

■ It is clear that section 9(a) of article VII of the constitution prohibits salaries and office expenses of units of local government from being paid directly from fees collected by such units and, also, prohibits the charging of fees which are based upon funds disbursed or collected or the levy and extension of taxes by such units. (See, *e.g., DeBruyn v. Elrod* (1981), 84 Ill. 2d 128, 418 N.E.2d 413; *Saltiel v. Olsen* (1979), 77 Ill. 2d 23, 394 N.E.2d 1197; *Goldstein v. Rosewell* (1976), 65 Ill. 2d 325, 357 N.E.2d 1157; *City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516, 356 N.E.2d 543.) In each of these cases, relied upon by plaintiff, the fees held to violate these constitutional restrictions were collected by officers of units of local government for services rendered by their county offices, *i.e.,* county treasurer, sheriff and recorder of deeds.

In the present case, however, the defendant circuit clerk is a nonjudicial official of the judicial branch of State government and is not a county officer or agent. (*Drury v. County of McLean* (1982), 89 Ill. 2d 417, 424, 433 N.E.2d 666, 667.) The question then becomes whether the proscriptions of article VII, section 9(a), apply to the clerk of the circuit court or attach to fees collected by that office when deposited in the county treasury.

In a similar context in *Village of Oak Lawn v. Zagel* (1981), 96 Ill. App. 3d 254, 421 N.E.2d 251, *appeal denied* (1981), 85 Ill. 2d 567, the court held that local government article VII of the constitution did not apply to the State thus permitting the State treasurer to withhold as a fee a percentage of tax funds collected by the State on behalf of units of local government. The *Zagel* court found that both the terms of section 9(a), article VII, and the Record of Proceedings of the Constitutional Convention made clear that the prohibition against fees based on the collection of funds applies only to units of local government. The Attorney General has also concluded that the provisions of section 9, article VII, do not apply to the clerks of the circuit court as they are not officers of a unit of local government. See 1977 Ill. Att'y Gen. Op. 112; 1977 Ill. Att'y Gen. Op. 159; 1973 Ill. Att'y Gen. Op. 171.

We agree with this reasoning and conclude article VII, section 9(a), of the 1970 Illinois Constitution does not apply to the clerks of

the circuit court.

Nor are we persuaded that the deposit in the county treasury by the circuit clerk of the retained bail bond costs somehow impresses upon these funds the prohibitions of article VII of the constitution, as suggested by plaintiff.

The operation of a bail bond deposit system under section 110—7 is an administrative function of the circuit clerk's office, and a fee requirement to help defray the cost of court services is a traditional concept recognized as valid. (*Schilb v. Kuebel* (1970), 46 Ill. 2d 538, 548, 264 N.E.2d 377, 382, *aff'd* (1971), 404 U.S. 357, 30 L. Ed. 2d 502, 92 S. Ct. 479.) The circuit clerk holds bail bond funds deposited with the office under the authority of the court to be disposed of as directed by statute (*A-1 Lithoplate, Inc. v. AFS Publishing Co.* (1978), 66 Ill. App. 3d 560, 562, 384 N.E.2d 395, 396), and is so directed to deposit all fees collected with the county treasurer (Ill. Rev. Stat. 1979, ch. 85, par. 722). In *Kotche v. County Board of Winnebago County* (1980), 87 Ill. App. 3d 1127, 409 N.E.2d 501, this court found that section 2 of "An Act to provide for the timely deposit of fees ***" (Ill. Rev. Stat. 1979, ch. 85, par. 722) met constitutional requirements. In *Goldstein v. Rosewell* (1976), 65 Ill. 2d 325, 357 N.E.2d 1157, the court held that a statute allowing county treasurers to retain 4% of State inheritance and transfer taxes collected by them violated article VII, section 9(a), of the constitution, as a fee based upon funds collected by the county treasurer, and was not, in that case, an authorized distribution of State funds to counties. The court noted, however, its decision did not reflect adversely upon the common and accepted practice of sharing State revenues with local governmental units. (65 Ill. 2d 325, 329.) We find it noteworthy that in *Goldstein*, and in each of the other cases in which the supreme court has found violations of article VII, section 9, the fee in question was generated by services performed by a unit of local government. In the present case, however, the bail bond costs retained by the circuit clerk are for administrative services of the judicial branch of State government, as authorized by the legislature. The allocation of this fee, and all other fees and costs received by the circuit clerk, to the county treasury cannot, in our view, be considered to place it under the constraints of article VII of the constitution.

The purpose and intent of the Constitutional Convention in adopting article VII, section 9(a), was to abolish the local government "fee office" system and, in particular, local governmental fees based upon the collection of taxes. (See, *e.g., City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516, 356 N.E.2d 543.) This article of the constitution does not,

however, purport to regulate the collection or disposition of the bail costs considered in this case or to impose restrictions upon funds received by a unit of local government from a branch of the State government.

Nor, do we consider that the bail bond costs retained by the circuit clerk conflict with the stipulation of article VI, section 14, of the 1970 constitution (Ill. Const. 1970, art. VI, sec. 14) that "[t]here shall be no fee officers in the judicial system." In *Kotche v. County Board of Winnebago County* the court considered the fees received by the circuit clerk and paid over to the county treasurer and concluded the legislature was free from any constitutional restraints to dispose of such fees as provided in section 2 of "An Act to provide for the timely deposit of fees ***" (Ill. Rev. Stat. 1977, ch. 85, par. 722). 87 Ill. App. 3d 1127, 1130, 409 N.E.2d 501, 504.

Accordingly, for the reasons stated the judgments of the circuit courts of Du Page and Lake Counties will be affirmed.

Affirmed.

SEIDENFELD, P.J., and UNVERZAGT, J., concur.