*In re* ESTATE OF KATHERINE SKOUFES, Deceased (Nick J. Skoufes, Plaintiff-Appellant, v. The Cook County Treasurer, Defendant-Appellee).

First District (1st Division)   No. 84—1885

Opinion filed December 2, 1985.

Frank R. Reynolds, of Reynolds & Reynolds, Ltd., of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey, Deputy State's Attorney, and Peter S. Coorlas, Assistant State's Attorney, of counsel), for appellee.

JUSTICE QUINLAN delivered the opinion of the court:

On May 9, 1984, Nick J. Skoufes received from the Treasurer of Cook County $253,229.89, which had been deposited pursuant to the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 307; Ill. Rev. Stat. 1975, ch. 3, par. 24—20) as his share of the estate of Katherine Skoufes, who died intestate in 1974. The trial court denied Skoufes' request for interest on the money which had been deposited with the treasurer between 1974 and 1976. Skoufes appeals that order, contending that he is entitled to interest.

Mr. Skoufes' share of the estate of the deceased was deposited with the Cook County Treasurer in the following sequence: $27,991.00 on June 27, 1974; $224,738.89 on March 25, 1975; and $500.00 on December 14, 1976. Skoufes refused to accept this cash because he erroneously believed that a land sale would be invalidated and that he could then receive a portion of the land in lieu of the cash. In 1974, the Probate Act did not provide that an heir who did not obtain his share of an estate was entitled to interest. (See Ill. Rev. Stat. 1973, ch. 3, par. 307.) Effective August 14, 1981, the legislature amended the Probate Act allowing heirs to receive "judgment interest" on money deposited with the county treasurer. The pertinent provision of the Probate Act now provides:

> "Deposit of unclaimed money. *When the receipt of a ward, a distributee of an estate or a claimant cannot be obtained,* the representative by leave of court may deposit with the county treasurer of the county in which the estate is being administered the money in the hands of the representative payable to the person entitled thereto. The county treasurer shall give the representative a receipt therefor which shall be filed in the court. *The person entitled to the money so deposited may obtain it, plus interest at a rate equal to the interest rate on judgments* specified in Section 3 of 'An Act in relation to the rate of interest and other charges in connection with sales on credit and the lending of money', approved May 24, 1879, as amended, upon application to the court and satisfactory proof of his right thereto." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 110½, par. 24—20.

The question thus presented is whether Mr. Skoufes is entitled to any interest, and, if so, does it accrue from the time the money was

first deposited with the treasurer or upon the effective date of the amendment.

Skoufes argues that the amendment requires the payment of interest from the date of deposit to the date of withdrawal for all money withdrawn from the treasurer after the effective date of the amendment. Additionally, Skoufes argues that here he is actually entitled to interest from the dates of deposit under the general principles of equity. The treasurer, on the other hand, argues that Skoufes is not entitled to any interest because the statute applies only to money deposited after the effective date of the statute, and that the award of interest would be a retroactive application of the amendment. Furthermore, this is not such a situation requiring an equitable award of interest.

■ Generally, interest will not be awarded unless it is authorized by contract or statute. (*Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 546, 449 N.E.2d 65.) Without a specific statutory provision stating that a statute should be applied retrospectively, it can only be applied prospectively. (*Village of Wilsonville v. SCA Services, Inc.* (1981), 86 Ill. 2d 1, 426 N.E.2d 824.) An amendment to a statute indicates a legislative purpose to change existing law. *People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 410.

■ Under the general principles stated above, we have concluded that Skoufes is not entitled to interest from the time he deposited the money to the time he withdrew it. Interest was not available at the time the money was deposited because it was not authorized under the existing statute. Furthermore, the amendment is presumed to alter the existing law, and the amendment does not indicate that it should be applied retroactively.

Nevertheless, Skoufes argues he is entitled to interest from the date of deposit, relying principally on *Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 546, 449 N.E.2d 65, where the court awarded plaintiff interest absent statutory authority. In *Shell Oil*, the company paid tax under protest and eventually prevailed in the subsequent litigation. The court held that the company was entitled to the income actually received by the State from the money paid under protest. We find *Shell Oil* distinguishable from the case at bar.

In *Shell Oil*, the party seeking the interest had no legal alternatives but to deposit its taxes with the State, and it prevailed under the merits of its claim. Therefore, the court held that under equitable principles, Shell, as opposed to the treasurer or State, should receive the proceeds that were actually obtained by the treasurer because of the improper retention of Shell's money. On the other hand, Skoufes was

not legally obligated to deposit the money with the treasurer. He voluntarily let the money be deposited with the treasurer at a time when interest was not recoverable and he had access to it at any time he wanted it. Therefore, the same equitable principles involved in *Shell Oil* do not apply here.

Although Skoufes cannot receive interest from the time the money was deposited with the treasurer, we conclude that he should receive interest from the effective date of the amendment allowing the recovery of interest. In *Noe v. City of Chicago* (1974), 56 Ill. 2d 346, 307 N.E.2d 376, there was an outstanding judgment against the city. Before the judgment was satisfied, there was a change in the law increasing the post-judgment interest rate from 5% to 6%. The supreme court held that the city was obliged to pay 5% interest up to the effective date of the amendment and 6% thereafter until satisfaction of the judgment. The court concluded that its decision did not constitute retroactive application of the amendment but simply the application of the statute from its effective date. Similarly, we conclude that the prospective application of the amendment requires that Skoufes receive interest from its effective date.

We are unpersuaded by the treasurer's argument that *Noe,* like *Shell Oil,* does not require the payment of interest because Skoufes voluntarily allowed the money to be deposited with the treasurer. Unlike *Shell Oil, Noe* did not deal with the award of interest under equity, but rather, like the case at bar, the application of an unambiguous amendment according to its pronounced effective date. Furthermore, the amendment of the Probate Act, at issue here, makes no distinction between money deposited with the treasurer because the heir cannot be found and money which is deposited with the treasurer because the heir refuses to accept the money. The amendment simply refers to money deposited by the estate's representative when a receipt from the party entitled to the money "cannot be obtained." Therefore, we conclude that under the provisions of the Probate Act it is irrelevant that Skoufes voluntarily allowed his money to remain with the treasurer, and that he is entitled to statutory interest from the effective date of the amendment, August 14, 1981, to the date he eventually received the principal from the treasurer, May 9, 1984.

For these reasons the judgment appealed from is reversed and the case remanded for entry of judgment consistent with this opinion.

Reversed and remanded.

BUCKLEY, P.J., and CAMPBELL, J., concur.