MARY S. MADLENER *et al.*, Plaintiffs-Appellants, v. MORGAN M. FIN-LEY, Clerk of the Circuit Court, Defendant-Appellee.

First District (4th Division)   No. 86—1278

Opinion filed September 24, 1987.

McMORROW, P.J., dissenting.

Samuel H. Young Professional Corporation, of Skokie, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Susan Condon, and James McVane, Jr., Assistant State's Attorneys, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff Mary S. Madlener brings this appeal seeking reversal of several trial court orders issued in connection with her class action lawsuit. In her lawsuit, Madlener alleges that the defendant, Morgan M. Finley, the clerk of the circuit court of Cook County (the clerk), breached his fiduciary duty when he failed to deposit litigants' funds in interest bearing accounts. Madlener asserts that she, along with other litigants in Cook County who are "trust account beneficiaries" are deprived of any interest which those accounts could accumulate because of the clerk's practice of placing those funds in non-interest bearing accounts. Through her class action, Madlener seeks the interest that she and the members of her class could have earned on their funds had the clerk properly deposited their funds in interest bearing accounts. In addition, Madlener seeks an injunction prohibiting the clerk from continuing to place litigants' funds in non-interest bearing accounts.

Pursuant to the clerk's motion, the trial court dismissed Madlener's amended complaint. The trial court found that no breach of fiduciary relationship occurred, for the clerk, in Madlener's particular case, was not specifically ordered by the trial court to deposit her funds in an interest bearing account.

Madlener now appeals contending: (1) that a fiduciary relationship exists between the clerk and those litigants whose funds he holds; (2) that the clerk breached the aforesaid fiduciary duty when he placed litigants' funds in non-interest bearing rather than interest bearing accounts; and (3) that Madlener's amended complaint sufficiently alleges the requisites for a class action.

We reverse and remand.

BACKGROUND

This matter is before the court following the trial court's ruling that Madlener's complaint fails to state a cause of action under Illinois law. Accordingly, we must accept as true all of Madlener's well-pled allegations and must draw all reasonable inferences in her favor. *Cook v. Askew* (1975), 34 Ill. App. 3d 1055, 341 N.E.2d 13.

Madlener's amended complaint reveals that she is the guardian of Scott Madlener, a minor. As guardian, Madlener was named a defendant in an interpleader complaint filed by the Kansas City Life Insurance Company (K.C. Life). On January 13, 1982, K.C. Life was ordered by the trial court to deposit monies in an amount representing its admitted liability with the clerk. The trial court's order did not specifically direct the clerk to place K.C. Life's monies in an interest

bearing account.

Soon thereafter, a settlement was reached between Madlener and the other parties to the lawsuit. The trial court approved an order providing for Madlener to receive her share of the funds "plus any interest accrued thereon." The clerk objected to the provision calling for interest and was successful in having it stricken from the order. Thereafter, the clerk paid to Madlener $2,468.65, which the clerk had held on Madlener's behalf for 149 days. Madlener demanded that interest be paid on the sum, but the clerk refused her demands.

In her complaint, Madlener alleges that the clerk's normal practice is to deposit litigants' funds in interest bearing accounts only where a trial court order specifies such. According to Madlener, if a trial court does not specifically order the clerk to place funds in an interest bearing account, the clerk's practice is to merely deposit the funds in a non-interest bearing account. Madlener further alleges that the clerk has several million dollars in non-interest bearing accounts and that there are many financial institutions which would readily pay interest on such a sum. In addition, Madlener alleges that as a fiduciary, the clerk has a duty to act as a reasonably prudent person and that such a person would necessarily place litigants' funds in interest bearing accounts.

The clerk moved to dismiss Madlener's complaint, contending that the clerk has a duty to place litigants' funds in interest bearing accounts only where the trial court has so ordered. Following the trial court's dismissal, Madlener filed this appeal.

OPINION

As set forth above, Madlener raises three arguments on appeal: (1) that the clerk is a fiduciary with regard to those funds deposited with the clerk pursuant to a court order; (2) that the clerk breaches its fiduciary duty when it fails to place those funds in an interest bearing account; and (3) that this is an appropriate circumstance for the utilization of the class action device.

I

We first address Madlener's claim that the clerk is a fiduciary with respect to the funds deposited with him pursuant to court order.

■■ ■ There is no dispute that the clerk is an elected public official. As a public official, the clerk is held in public trust and owes a fiduciary duty to the people he represents. (*People v. Savaiano* (1976), 66 Ill. 2d 7, 15, 359 N.E.2d 475; *City of Chicago ex rel. Cohen v. Keane* (1976), 64 Ill. 2d 559, 565, 357 N.E.2d 452.) The fiduciary re-

sponsibilities of a public official are the same as those owed by a private individual. (64 Ill. 2d 559, 565, 357 N.E.2d 452.) Fiduciaries, in general, owe a duty of good faith toward those who repose confidence in them and must act in the best interests of those whose trust the fiduciary receives. *Neagle v. McMullen* (1929), 334 Ill. 168, 165 N.E. 605; *Petrillo v. Syntex Laboratories, Inc.* (1986), 148 Ill. App. 3d 581, 499 N.E.2d 952.

In the case at bar, Madlener claims that she is one of the persons whom the clerk represents as a public official; that the clerk has a fiduciary duty to protect Madlener's best interests; and that in so doing, the clerk should, as a matter of course, place her funds (as well as those of all other litigants) in interest bearing, rather than non-interest bearing, accounts.

The clerk responds, however, that he has no authority to place litigants' funds in interest bearing accounts absent a court order to that effect. The clerk contends that in handling litigants' funds, the clerk is merely acting in a ministerial fashion. The clerk points out that where a court order specifically authorizes the clerk to deposit the funds in an interest bearing account, such is done; likewise, where the court order is silent regarding placing the funds in an interest bearing account, the clerk reads such an omission as meaning that the funds should be placed in a non-interest bearing account. With that being the case, the clerk contends that no wrong has been committed for the clerk has been, in fact, merely following a court's order in depositing the funds in non-interest bearing accounts.

The clerk further argues that it is not possible for the clerk to deposit litigants' funds in the type of account Madlener is requesting. The clerk posits that thousands of litigants have deposited millions of dollars with the clerk and that to satisfy court orders and make payouts on short notice, the clerk needs a special type of demand account. Some funds, according to the clerk, are left in the account for days, while others are deposited for years. Furthermore, the funds held by each litigant vary from $100 to over $100,000. If interest had to be calculated on each of these accounts, the Clerk asserts that insurmountable administrative problems would surface. Thus, it is the clerk's contention that the non-interest bearing demand account presently being used is the only viable method of dealing with the vast array of litigants' funds.

▮ We must agree with Madlener's position. Clearly, the clerk, as a fiduciary, has a duty to protect and foster the interests of those individuals who have placed their trust and confidence in him as a public official. Madlener, and every other litigant on whose behalf the

clerk retains funds, should have the right to rest assured that the clerk is fostering their best interests. The clerk, therefore, should place litigants' funds in that account which benefits litigants to the greatest degree possible. Accepting Madlener's allegations as being true, as we must in reviewing a motion to dismiss, the clerk should place litigants' funds in an interest bearing account.

Furthermore, the arguments raised by the clerk do not explain, legally at least, why litigants' funds could not be deposited in an interest bearing account as easily as they are currently being deposited in a non-interest bearing account. In fact, the clerk is unable to explain why it is possible for him to successfully deposit the funds of some litigants in interest bearing accounts (*e.g.*, where the court order specifies), while at the same time, it is not possible to follow the same procedure with all litigants' funds. If a court orders litigants to deposit funds with the clerk, the clerk is in no way restricted from depositing those funds in interest bearing accounts, providing, of course, that such accounts exist.

This case, however, is before us on a motion to dismiss. The discovery that has taken place does not address whether financial institutions exist which could accommodate the clerk's needs (regarding the need for prompt withdrawal) and at the same time provide interest on litigants' funds. Madlener claims that there are many banks which will gladly provide such a service, while the clerk contends differently. This is a factual matter and based on the record before us, we are unable to decide this issue and we are therefore forced to remand this matter for further proceedings.

In sum, we agree with Madlener that under the law, the clerk has a duty, being a fiduciary, to place litigants' funds in interest bearing accounts. However, whether that is possible given the unique nature of the clerk's needs is a factual matter which the parties dispute. Accordingly, because this case is before us on a motion to dismiss, we must remand this case to the trial court for a determination of whether there are financial institutions which will accommodate the clerk's needs with a demand account that also pays interest.

## II

A necessarily related and more complicated issue, however, is the type of relief which Madlener can obtain. Assuming, as we must, that Madlener can establish that a bank exists which can meet both the clerk's needs and pay interest, a separate issue still remains; namely, whether Madlener can recover retrospective relief. Regarding retrospective relief, Madlener argues that the clerk should pay her and

every other litigant the interest which they could have but did not receive as a result of the clerk's past failure to place their funds in an interest bearing account.

There is no contest that Madlener's funds, along with those of other litigants, were placed in non-interest bearing accounts. There is also no dispute that the clerk did in fact distribute all of the funds (*i.e.*, the principal) due litigants per the trial court's orders. Thus, this case is not a situation where the clerk is accused of withholding funds or interest income rightfully due the litigants. See *Board of Commissioners v. County of Du Page* (1983), 119 Ill. App. 3d 1085, 457 N.E.2d 1291, *rev'd* (1984), 103 Ill. 2d 422, 469 N.E.2d 1370.

Instead, Madlener is attempting to obtain a judgment against the clerk that would essentially take the form of a penalty. Madlener is not seeking reimbursement (as were the plaintiffs in *Board of Commissioners v. County of Du Page*); instead, Madlener desires a judgment from the clerk (and therefore, the County of Cook) representing the unpaid past interest which Madlener claims is due her and all other litigants whose funds have been held by the clerk pursuant to a court order.

We have been unable to locate case law addressing whether Madlener can successfully sue the clerk for monies the clerk does not possess and never did possess. However, our research reveals a line of cases containing an analysis which we believe is properly applicable in this instance. Although these cases involve tax issues rather than litigants' funds, we are nevertheless convinced that the reasoning of these cases should be employed to resolve the issue before us.

We begin our analysis with the case of *Flynn v. Kucharski* (1970), 45 Ill. 2d 211, 258 N.E.2d 329. In *Flynn*, the Illinois Supreme Court addressed the validity of section 36.6 of the fees and salaries act (Ill. Rev. Stat. 1967, ch. 53, par. 55.6). Under the act, Chicagoans were required to pay a greater percentage of Cook County taxes than residents living in Cook County's suburbs. Because of this disparity, the court found the act to be unconstitutional, for it violated the requirement of uniformity of taxation. *Flynn v. Kucharski* (1970), 45 Ill. 2d 211, 220, 258 N.E.2d 329, 334.

In a second appeal (*Flynn v. Kucharski* (1971), 49 Ill. 2d 7, 273 N.E.2d 3, the court addressed the remedies available to those Chicagoans who, through the years, had been paying a greater amount of tax than they were legally obligated to pay. The court noted that the plaintiffs were seeking equitable relief and that the trial court therefore had discretion to grant such relief as equity may require. The *Flynn* court further noted that the taxes had actually been collected

by the tax collector, that full retrospective relief would impose a substantial burden, and that the defendant tax collector had in good faith relied on the validity of the act for over 100 years. Under these circumstances, the court determined that equity required that the retrospective relief granted the plaintiff taxpayers be limited to those taxes collected after the date on which the Act had been declared unconstitutional. 49 Ill. 2d 7, 11, 273 N.E.2d 3, 6.

The *Flynn* cases were subsequently analyzed and distinguished by the appellate court in *Board of Commissioners v. County of Du Page* (1983), 119 Ill. App. 3d 1085, 457 N.E.2d 1291, *rev'd* (1984), 103 Ill. 2d 422, 469 N.E.2d 1370. In that case, the Du Page County treasurer collected tax money for and on behalf of the units of local government located in the county. After the tax monies were collected, the treasurer placed the collections in interest bearing accounts. The county treasurer, however, never distributed the interest income generated by the collections to the local governments and instead deposited the interest income in the county corporate fund. Thereafter, the local governments brought suit contending that they, rather than the county, were entitled to receive the interest income which their tax dollars had generated.

The appellate court in *Board of Commissioners* agreed. The court ruled that the county treasurer should not have retained the interest income generated by the local governments' funds. In addressing the remedies available, the court discussed when retrospective relief was proper:

> "[R]estitutionary relief is proper where a party has received money [that] belongs to another under such circumstances that in equity and good conscience, the party should not retain it." 119 Ill. App. 3d 1085, 1094, 457 N.E.2d 1291, 1298.

In the *Board of Commissioners* case, retrospective relief (in the form of the past interest earned on the monies of the local governments) was found to be proper, for the county treasurer had in fact earned money and had wrongfully retained it. The court, however, also recognized the substantial burden that would be imposed if full retrospective relief was granted to the plaintiffs. Accordingly, the court determined that equity and good conscience required the county treasurer to pay the plaintiffs retrospective relief back to October 1, 1976, the point at which the county treasurer should have known (via a supreme court decision) that his practice was illegal. 119 Ill. App. 3d 1085, 1096, 457 N.E.2d 1291, *rev'd* (1984), 103 Ill. 2d 422, 469 N.E.2d 1370.

■ In the case at bar, we believe for the following reasons that

equity and good conscience require that retrospective relief be denied.

First, the clerk contends that he failed to invest Madlener's funds in reliance on a distinction in trial court orders. Some trial court orders set forth specifically that the funds in question were to be placed in an interest bearing account. Other trial court orders were silent in this regard. The clerk surmised this distinction to be intentional and therefore placed the latter funds in non-interest bearing accounts. In this respect, this case is similar to *Flynn*, for the clerk did in good faith engage in a practice in reliance on a trial court's order.

Second, this is not a situation where the clerk has wrongfully received and retained funds due another. Madlener does not contend, as the plaintiffs did in the *Board of Commissioners* case, that the clerk has retained interest income which legally belongs to the litigants. Rather, Madlener asserts that the clerk erred in not originally placing the funds in an interest bearing account. Although we agree with Madlener that the clerk, in his role as a fiduciary, should, if it is possible, automatically deposit litigants' funds in an interest bearing account, it is at least apparent that the clerk was not attempting to wrongfully retain money belonging to another person or entity. Compare *Board of Commissioners v. County of Du Page* (1983), 119 Ill. App. 3d 1085, 457 N.E.2d 1291, *rev'd* (1984), 103 Ill. 2d 422, 469 N.E.2d 1370.

Third, it is evident that requiring the clerk to pay interest would impose a substantial burden upon the county government, and ultimately, its taxpayers. Because the clerk did not earn interest on litigants' funds, the clerk has no money whatsoever to pay the interest now requested by Madlener. (See *Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 449 N.E.2d 65.) Thus, to award Madlener interest under these circumstances would be equivalent to penalizing the clerk and the taxpayers he represents. We do not believe that the facts of this case warrant such action.

Hence, we believe that equity requires that Madlener be denied the opportunity to obtain retrospective relief. On remand, therefore, if the trial court finds that financial institutions exist which would both accommodate the clerk's needs and hold litigants' funds in interest bearing demand accounts, Madlener may be entitled to prospective relief only.

### III

Finally, with regard to the class that Madlener allegedly represents, the certification of a class is dependent upon the existence of a valid cause of action. (*Saldana v. American Mutual Corp.* (1981), 97

Ill. App. 3d 334, 422 N.E.2d 860.) In the present case, we cannot determine, at this stage in the proceedings, whether a class action is appropriate, for further hearings as to Madlener's complaint against the clerk are necessary. We need not address, therefore, the issue of class certification.

CONCLUSION

Accordingly, for the reasons set forth above, the decision of the trial court is reversed and this matter is remanded for further proceedings on whether financial institutions exist which will pay interest on litigants' funds while at the same time accommodate the needs of the clerk.

Reversed and remanded.

JIGANTI, J., concurs.

PRESIDING JUSTICE McMORROW, dissenting:

I respectfully dissent for three reasons. I agree with the clerk that plaintiff is barred in this litigation from arguing that the clerk had a fiduciary duty to place interpleaded funds, to which plaintiff became entitled in a distinct and separate action, in an interest bearing account. Even if plaintiff were not precluded from raising this question in this proceeding, her complaint was nevertheless properly dismissed because she has offered no legal basis to support her contention that the clerk has a "fiduciary duty" as a "public official" to place litigants' custodial funds in interest bearing accounts absent court order to that effect. In addition, I find no support for the majority's assumption that a trial court or intermediate appellate court should provide general supervision over the clerk's administration of custodial funds in all litigation.

Because plaintiff could and should have claimed in the earlier interpleader action that the interpleaded funds be placed in an interest bearing account, plaintiff cannot now argue that the clerk erred when he failed to do so absent direction from the trial court. In the interpleader action to which plaintiff was a party, the trial court's order directing the clerk's custody of the litigants' funds did not state whether the funds should be placed in an interest bearing account. If plaintiff believed that those funds should have been placed in an interest bearing account, her remedy was to challenge this deficiency in the trial court's escrow order in the interpleader action itself. Plaintiff cannot now claim in a separate action for injunctive and monetary re-

lief that the clerk's handling of the funds was in error because the clerk did not place the funds in interest bearing accounts, even though the trial court's order never directed him to do so.

The recent decision of *Walker v. Cockrell* (1982), 110 Ill. App. 3d 562, 442 N.E.2d 660, *appeal denied* (1983), 93 Ill. 2d 548, illustrates that plaintiff's claim is not properly presented in this case. In *Walker*, plaintiffs challenged the validity of the clerk's retention of a certain portion of their bail bonds for costs relating to the clerk's holding of the funds pending final disposition of the plaintiffs' criminal cases, in accordance with Illinois statute. Plaintiffs were released and their bonds refunded to them, minus the statutory costs, by the clerk. Thereafter plaintiffs filed an action for a declaratory judgment that the clerk's retention of the statutory amount was invalid, and a refund should be made of those sums from the clerk.

The appellate court determined that the plaintiffs' suit "constitute[d] an attempt to avoid the rule against collateral attack of a judgment." (110 Ill. App. 3d 562, 564, 442 N.E.2d 660, 662.) The court reasoned that the "plaintiffs were required to raise the issues sought to be presented [in the declaratory judgment action] before those courts in which the judgments [pertaining to bail bond and refund thereof] were entered. [Citations.] If plaintiffs had done so those portions of the judgments directing disposition of [plaintiff's] bail deposit could have been considered by a reviewing court on direct appeal. [Citation.]" 110 Ill. App. 3d 562, 564, 442 N.E.2d 660, 662.

The plaintiff here, similar to those in *Walker*, is attempting an impermissible collateral attack on a judgment. Plaintiff does not dispute that a trial court entertaining an interpleader action may direct that the funds be placed in an interest bearing account in the clerk's custody pending final disposition, and that the clerk's administration of those interpleader funds could be challenged in an appeal from the trial court's final interpleader order. (See, *e.g., Modern Woodmen of America v. Conner* (1906), 129 Ill. App. 651; see also, *e.g., Jones v. Hodges* (1954), 2 Ill. App. 2d 509, 517-18, 119 N.E.2d 806.) Her tardy effort in this proceeding to shift responsibility to the clerk for a possible inadequacy in the trial court's interpleader escrow order, which she could and should have challenged in that separate action, is barred by the rule against collateral attack on a judgment and should be given no credence here. (See *Malone v. Cosentino* (1983), 99 Ill. 2d 29, 457 N.E.2d 395; *Walker v. Cockrell* (1982), 110 Ill. App. 3d 562, 442 N.E.2d 660; *Morgan v. Finley* (1982), 105 Ill. App. 3d 80, 433 N.E.2d 1047; *Sanner v. Champaign County* (1980), 88 Ill. App. 3d 491, 410 N.E.2d 656.) As a result, the trial court's dismissal of the

complaint was proper.

Moreover, plaintiff's complaint was also properly dismissed because plaintiff failed to provide sufficient legal basis to support her contention that the clerk has a fiduciary duty to place all litigants' custodial funds in interest bearing accounts absent direction in a trial court's order. Plaintiff does not support her allegation that the clerk has such a duty with authority from Illinois statutes or supreme court rules. (See Ill. Rev. Stat. 1985, ch. 25, pars. 1 *et seq.* (statutory duties and responsibilities of the clerks of the circuit courts); see generally, *e.g.,* Ill. Rev. Stat. 1985, ch. 102, par. 34 *et seq.* (public deposits act); *City of Springfield v. Allphin* (1980), 82 Ill. 2d 571, 413 N.E.2d 394; *In re Estate of Skoufes* (1985), 138 Ill. App. 3d 954, 487 N.E.2d 49.) Instead, plaintiff argues, and the majority agrees, that the clerk has such a fiduciary duty because he is a public official; therefore, plaintiff's argument continues, pursuant to this fiduciary duty, the clerk should be required by prudence and common sense to invest litigants' funds in interest bearing accounts. In my opinion the majority's conclusion has no foundation in legal precedent. Neither equity, fairness, nor general principles of a trustee's fiduciary responsibilities provide legal basis for the majority's sweeping conclusion that because the clerk is a public official, he has a fiduciary duty to place litigants' custodial funds in interest bearing accounts absent direction of court order.

The majority's broad conclusion that the clerk has a fiduciary duty as a matter of law to place all litigants' custodial funds in interest bearing accounts absent specific court order could have potentially damaging consequences upon the interests of the litigants. For example, if the clerk placed the funds in interest bearing accounts that required investment for a certain minimum period of time, and the court ordered disbursement before that time period had elapsed, the clerk could face penalties for such early withdrawal. These penalties would diminish the value of the funds in the clerk's custody, to the detriment of the litigants' interests. The majority's sweeping conclusion imposes enormous administrative burdens upon the clerk, especially in terms of record keeping and accounting duties.

In order to avoid these potentially deleterious consequences of its own ruling, the majority elects to remand the matter with directions that the trial court hold "further proceedings on whether financial institutions exist which will pay interest on litigants' funds while at the same time accommodate the needs of the clerk." (161 Ill. App. 3d at 804.) However, this remedy does not cure the error.

By remanding with such directions, the majority assumes the pro-

priety of an individual trial court's determination of comprehensive supervision over the clerk's placement of all custodial funds in general. I am disturbed by such an assumption. I find no legal support in the majority decision for the proposition that a trial or appellate court should issue a general order to the clerk, of the nature the majority anticipates here, by this adoption of the policy proposed by the plaintiff. This court is not sufficiently informed to decide whether there is substantial merit as a matter of policy in the plaintiff's suggestion that the clerk adopt a comprehensive procedure for administration of litigants' custodial funds so that they are placed in interest bearing accounts, under all or certain circumstances and absent or regardless of court order. That determination is more appropriately a matter for Illinois legislative enactment or Illinois supreme court rule, after full study and debate upon the wisdom of such a plan as well as the various means of its implementation.

Parenthetically, I observe that such remand with directions also creates a procedural anomaly. The record shows that the clerk, rather than file an answer to plaintiff's complaint, filed a motion to dismiss the pleading. During the pendency of the clerk's motion to dismiss, plaintiff filed a motion for summary judgment. The trial court then entered an order that allowed the clerk's dismissal motion and dismissed the complaint with prejudice. The court did not rule upon the plaintiff's summary judgment motion, since no ruling thereon was required in view of dismissal of the complaint.

Upon review, the majority ostensibly finds that plaintiff's complaint states a claim for which relief may be granted, although the majority also determines that plaintiff is not entitled to retrospective monetary damages. In its analysis, however, the majority's substantive reasoning amounts to the allowance of plaintiff's motion for summary judgment with respect to the clerk's "fiduciary duty." This result is premature and prejudicial to the clerk. It rules upon substantive matters before the clerk has been provided an opportunity to file an answer to the complaint or a response to the motion for summary judgment. It also provides relief amounting to a declaratory judgment with respect to the clerk's "fiduciary duty," even though no such declaratory relief is requested in the plaintiff's complaint.

I would also note that the majority's ruling regarding plaintiff's request for retrospective damages amounts, in substance, to affirmance of the trial court's dismissal of plaintiff's claim to the extent that the pleading requests such monetary relief. I would agree that the trial court properly dismissed the plaintiff's request for retrospec-

tive monetary damages.

For these reasons, and expressing no opinion on whether the clerk is or should be required, pursuant to Illinois statute or supreme court rule, to place litigants' custodial funds in interest bearing accounts, I respectfully dissent from the majority decision.